IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRYL WEST, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 05-465J |
| | ) Judge Gibson |
| CAPTAIN PAGUGA, *et al.*, | ) Magistrate Judge Caiazza |
| | ) ) |
| Defendants. | ) |

### MEMORANDUM ORDER

   The Plaintiff, a prisoner incarcerated at the State Correctional Institution at Forest, instituted this civil rights action on December 23, 2005.  He alleges that he was improperly found guilty of two misconducts while incarcerated.  The Defendants filed a Motion to Dismiss on June 9, 2006 and the court directed that the Plaintiff respond on or before July 10, 2006. The Plaintiff did not timely respond to the motion, and, on January 3, 2007, a rule to show cause was issued upon the Plaintiff, returnable by January 22, 2007, to show good cause why the Motion to Dismiss should not be granted as being unopposed. To date, the Plaintiff has not complied with this court's order dated January 3, 2007. In fact, Plaintiff has taken no action in this case since he filed a notice of change of address on March 7, 2006.

   In determining whether an action should be dismissed as a

sanction against a party, the court must consider six factors. These factors are as follows:

    (1)    The extent of the parties personal responsibility;

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

    (3)    A history of dilatoriness;

    (4)    Whether the conduct of the party or the attorney was willful or in bad faith;

    (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

    (6)    The meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984).

A consideration of the factors required by Poulis reveals that this action should be dismissed. Factors one and four each relate to the Plaintiff's failure to comply with this court's orders directing him on two occasions to respond to the motion to dismiss, that is, the extent of his personal responsibility, and whether his conduct was willful or in bad faith. These two factors weigh heavily against the Plaintiff. With respect to factor number one, it is clear that the Plaintiff's failure to comply with this court's orders was totally his personal responsibility. With respect to factor four, this court finds that the Plaintiff wilfully ignored two orders entered by this court.

Relative to factor number two, the court must consider the

prejudice caused to the adversary because of the Plaintiff's failure to comply with the prior order of court. With respect to this factor, there appears to be no specific prejudice to the Defendant, other than general delay. Therefore, this factor will not be weighed against the Plaintiff. However, factor number six, the meritoriousness of the claim, will be weighed against Plaintiff since Defendants have filed a motion to dismiss asserting facially valid reasons for dismissing the complaint.

As to factor number three, other than the lapse of time, there is no protracted history of dilatoriness. The Plaintiff has, however, failed to respond to two orders issued by this court, which has caused a delay in the prosecution of this case. This factor weighs slightly against the Defendant.

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the Plaintiff filed this action in forma pauperis it appears inappropriate to impose the sanction of attorney fees. Also, because the Plaintiff has failed to comply with two orders entered by this court, and because he has failed to take any action in this case since March, 2006, it appears that he has no interest in pursuing this case. Therefore, dismissal is the most appropriate action and the Plaintiff's complaint should, therefore, be dismissed because of his failure to prosecute this action.

And now, this 26th day of January, 2007,

IT IS HEREBY ORDERED that this case is DISMISSED for the Plaintiff's failure to prosecute. The Clerk is directed to mark this case closed.

Kim R. Gibson
U.S. District Court Judge

cc:
Francis X. Caiazza
U.S. Magistrate Judge

Darryl West
CK-2080
SCI Forest
Housing Unit JA-2016
P.O. Box 945
Marienville, PA 16239

Kemal Alexander Mericli
Office of the Attorney General
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA 15219